UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JEYSON SANTIAGO,

                                                                  **COMPLAINT**
                          Plaintiff,

    -against-                                             **Demand for Trial by Jury**

CITY OF YONKERS, BRIAN MCCORMACK,       ECF Case:
AND JOHN OR JANE DOE 1-10,                   Docket No.:

                                    Defendants.

------------------------------------------------------------------------X

      Plaintiff, Jeyson Santiago, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, City of Yonkers, Brian McCormack, and John or Jane Doe 1-10, alleges and states as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 for the violation of his civil rights protected by the Fourth, Sixth and Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of New York.

2.    These claims arise from a March 15, 2019 incident in which Defendants, acting under color of state law, unlawfully stopped, arrested and detained Mr. Santiago without a valid warrant, reasonable suspicion or probable cause to do so. Mr. Santiago was subsequently charged with one (1) count of Resisting Arrest and one (1) count of Obstructing Governmental Administration in the Second Degree.  As a result, Mr. Santiago was wrongfully incarcerated for approximately twenty-two (22) hours. He is currently being maliciously prosecuted.

3. The above referenced acts caused Mr. Santiago to be deprived of his liberty, denied the due process of the laws and to sustain various emotional and physical injuries.

4. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court may deem just and proper.

## JURISDICTION

5. This action arises under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7. Venue is laid within the Southern District of New York in that Defendant City of Yonkers is located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8. At all relevant times herein, Plaintiff, Jeyson Santiago ("Mr. Santiago"), is a Hispanic male, who resides in the City of Yonkers, within Westchester County, in the State of New York.

9. At all relevant times herein, Defendant, City of Yonkers ("Yonkers"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

10. At all relevant times herein, The Yonkers Police Department was and is a wholly owned subsidiary which is further wholly operated, managed, maintained, and controlled by Defendant Yonkers.

11.     At all times relevant herein, Defendant Yonkers, acting through its Yonkers Police Department ("YPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all YPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all YPD personnel, including police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12.     At all times relevant herein, Defendant Yonkers was responsible for enforcing the rules of the YPD, and for ensuring that the YPD personnel obey the laws of the United States and the State of New York.

13.     At all times relevant herein, Defendant Brian McCormack ("McCormack") was a police officer employed by the YPD and as such were acting in the capacity of an agent, servant and employee of the City of Yonkers who was, upon information and belief, assigned to the YPD's 4th Precinct located at 53 Shonnard Place, Yonkers, NY 10703 under Shield No. 513. Defendant McCormack is being sued in his individual and official capacity.

14.     At all times relevant herein, Defendants John or Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the YPD.  At this time, Plaintiff does not know the true names or shield numbers of John or Jane Doe 1 through 10, but believes such knowledge is within possession of the Defendants.

15.     At all relevant times herein, Defendants John or Jane Does 1 through 10 were acting as agents, servants and employees of the City of Yonkers and the YPD.  Defendants John or Jane Does 1 through 10 are being sued in their individual and official capacities.

16.     At all relevant times herein, Defendants, including McCormack and John or Jane Doe 1-10 were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Yonkers and State of New York.

17. Plaintiff has timely filed a notice of claim with the Supreme Court of the State of New York, Westchester County, on June 11, 2019.

## FACTUAL CHARGES

18. On March 15, 2019, at approximately 12:40 a.m., Mr. Santiago was driving his motor vehicle in the vicinity of 49 North Broadway Yonkers, New York.

19. At all relevant times herein, Mr. Santiago was in obeyance of all laws, including all vehicle and traffic laws then in effect.

20. At the above stated location, Mr. Santiago was illegally stopped Defendants, including McCormack, as he had not committed any traffic infractions or violated any other laws.

21. Defendants, including McCormack, approached Mr. Santiago's vehicle and ordered him to step out of his vehicle without any legal basis or justification for doing so, as there was no indicia of criminal activity present.

22. Defendants, including McCormack and John or Jane Doe 1-10, then illegally searched Mr. Santiago's person and the vehicle he was driving and without his consent, as Mr. Santiago had not committed any crimes or traffic infractions and there were no indicia of any criminal activity within the vehicle.

23. When Plaintiff exited the vehicle, he was confronted and assaulted by Defendants, including McCormack and JOHN OR JANE DOE 1-10.

24. Defendants', including McCormack and JOHN OR JANE DOE 1-10, physically threw him to the ground, repeatedly punched his body, then twisted his arms while Defendants' knees were pressed against his face.

25. At no time did Plaintiff give Defendants, including McCormack and JOHN OR JANE DOE 1-10, a reason to physically throw him to the ground, repeatedly punch his body, then twist his arms while Defendants' knees were pressed against his face.

26. Defendants, including McCormack, and JOHN OR JANE DOE 1-10, did not identify themselves as police officers when they approached Plaintiff.

27. Defendants, including McCormack, and JOHN OR JANE DOE 1-10, did not observe Plaintiff committing a crime or violation of the law.

28. Plaintiff was searched and seized in an unlawful manner by Defendants, including McCormack and JOHN OR JANE DOE 1-10, when they physically threw him to the ground, repeatedly punched his body, then twisted his arms while Defendants' knees were pressed against his face without probable cause.

29. Defendants, including McCormack and JOHN OR JANE DOE 1-10, had no probable cause or reasonable suspicion to arrest, detain or stop Plaintiff, as Plaintiff had not committed any crime or violation of the law.

30. Defendants, including McCormack and JOHN OR JANE DOE 1-10, fabricated a false narrative, in which they claimed Plaintiff committed one (1) count of Resisting Arrest and one (1) count of Obstructing Governmental Administration in the Second Degree to place him under arrest, when they knew such claims to be fabrications.

31. Plaintiff had multiple assaults and batteries committed to his person including but not limited to being placed in handcuffs too tight and being physically thrown to the ground, repeatedly punched his body, then twisted his arms while Defendants' knees were pressed against his face, causing him to be hospitalized and treated for abrasions and contusions to his body, and a sprained left wrist.

32. Defendants, including McCormack and JOHN OR JANE DOE 1-10, suppressed evidence and engaged in conduct undertaken in bad faith, namely fabricating false accounts that Plaintiff committed the crimes of Resisting Arrest and Obstructing Governmental Administration.

33. Defendants, including McCormack and JOHN OR JANE DOE 1-10, have displayed a pattern and practice of falsely accusing individuals of committing Resisting Arrest and Obstructing Governmental Administration where Defendants have used excessive and unreasonable force.

34. During all of the events described, the Defendants, including McCormack and JOHN OR JANE DOE 1-10, acted maliciously and with intent to injure Plaintiff.

35. At all times relevant herein, Defendants, including McCormack and JOHN OR JANE DOE 1-10, engaged in fraud, perjury, the suppression of evidence and other actions conducted in bad faith, or failed to intervene when Defendants observed others doing so, all in furtherance of Plaintiff being seriously injured.

36. Plaintiff repeatedly requested that Defendants, including McCormack and JOHN OR JANE DOE 1-10, loosen the handcuffs, because they were causing him substantial pain and discomfort due to their excessive tightness.

37. Defendants, including McCormack and JOHN OR JANE DOE 1-10, ignored all of Plaintiff's pleas to loosen the handcuffs, which resulted in substantial pain to Plaintiff's wrists and hands.

38. Defendants, including McCormack and JOHN OR JANE DOE 1-10, then removed Plaintiff to a Yonkers Police Department Precinct against his will, where Defendants fingerprinted, photographed, searched, strip searched, and confined Plaintiff to a cell.

39. Plaintiff was eventually transported to Central Booking, where he was unlawfully detained in various cells.

40. Defendant McCormack signed the criminal complaint against Plaintiff, in which he knowingly affirmed the truth of the fabricated allegations against Plaintiff, namely that Plaintiff committed Resisting Arrest and Obstructing Governmental Administration.

41. Plaintiff is currently being maliciously prosecuted.

42. While in custody, Plaintiff sought medical treatment at St. John's Hospital for the physical injuries he sustained from Defendants, including McCormack's and JOHN OR JANE DOE 1-10's, use of excessive force.

43. Defendants, including McCormack and JOHN OR JANE DOE 1-10, arrested and caused a criminal prosecution to be initiated against Plaintiff, because of their desires to use Plaintiff's arrest and criminal prosecution to incur additional overtime compensation, benefits and career favor from the superior officers, to avoid adverse consequences associated with failing to meet YPD departmental arrest quotas, and also to conceal their egregious violations of proper police procedures and gross misconduct, including their fabrications of non-existent observations, evidence and information.

44. Defendants, including McCormack and JOHN OR JANE DOE 1-10, arrested, applied excessive force and initiated a malicious prosecution against Plaintiff in retaliation for Plaintiff's exertion of his constitutional right to freely express his opinion and inquiries, namely Plaintiff's displeasure with the manner in which Defendants addressed him and his polite request for an explanation as to why Defendants acted so discourteously toward Plaintiff.

45. As a result, Plaintiff developed a severe fear of police officers, which prevented him from venturing from his house for a period of time and has effectively permanently chilled his desire and ability to communicate with police officers.

46. Defendants, including McCormack and JOHN OR JANE DOE 1-10, unlawfully targeted and decided to stop and effect unlawful seizures of Plaintiff due to solely to Plaintiff's status as a Latino or Hispanic male.

47. Defendants, including McCormack and JOHN OR JANE DOE 1-10, engaged in a conspiracy to falsely arrest and maliciously prosecute Plaintiff by personally conferring with each other, regarding the fabrication of the aforementioned non-existent evidence and observations, as well the manner and means by which said fabrications would be forwarded to the District Attorney's Office.

## FIRST CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

50. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

51. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

52. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

53. Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

54. Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CAUSE OF ACTION**
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

58. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

59. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

60. The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

61. Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution and Article I, Section 12, of the New York State Constitution.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

63. The above paragraphs are here incorporated by reference as though fully set forth.

64. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

65. Plaintiff was conscious of his confinement.

66. Plaintiff did not consent to his confinement.

67. Plaintiff's arrest and false imprisonment was not otherwise privileged.

68. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

72. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

73. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

74. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFITH CAUSE OF ACTION
Assault and Battery Under
New York State Law

75. The above paragraphs are here incorporated by reference as though fully set forth.

76. Defendants made Plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

77. Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

78. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

80. The above paragraphs are here incorporated by reference as though fully set forth.

81. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

82. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

83. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. Defendants initiated the prosecution against Plaintiff.

86. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

87. Defendants acted with malice, which may be inferred in the absence of probable cause.

88. The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

89. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

90. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

91. The above paragraphs are here incorporated by reference as though fully set forth.

92. Defendants initiated the prosecution against Plaintiff.

93. Defendants lacked probable cause to believe Plaintiff was guilty or that a prosecution would succeed.

94. Defendants acted with malice, which may be inferred in the absence of probable cause.

95. The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

96. Accordingly, Defendants violated Plaintiff's Fourteenth Amendment rights.

97. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

98. The above paragraphs are here incorporated by reference as though fully set forth.

99. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

100. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

101. Defendants intended to inflict substantial harm upon Plaintiff.

102. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

103. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TENTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

105. The above paragraphs are here incorporated by reference as though fully set forth.

106. Defendants arrested, detained and caused a criminal prosecution to be initiated against Plaintiff to compel the compliance or forbearance of some act.

107. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

108.	Defendants intended to inflict substantial harm upon Plaintiff.

109.	Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

110.	Defendants' actions deprived Plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without the due process of law.

111.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **ELEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
New York State Law

112.	The above paragraphs are here incorporated by reference as though fully set forth herein.

113.	 Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

114.	Defendants forwarded said false information to the District Attorney's Office.

115.	Defendants' actions resulted in post-arraignment deprivation to Plaintiff's liberty and freedom of movement.

116.	Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to Article I, Sections 1, 2 and 6 of the New York State Constitution, as well Article II, Section 12, of the New York State Civil Rights Law.

117.	Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

118.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

119. The above paragraphs are here incorporated by reference as though fully set forth.

120. Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

121. Defendants forwarded said false information to the District Attorney's Office.

122. Defendants' actions resulted in post-arraignment deprivation to Plaintiff's liberty and freedom of movement.

123. Accordingly, Defendants violated Plaintiff's right to a fair trial, pursuant to the Sixth and Fourteenth Amendments to United States Constitution

124. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

125. The above paragraphs are here incorporated by reference as though fully set forth herein.

126. Plaintiff, as a Hispanic male, is a member of a racial minority and protected class.

127. Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity.

128. Defendants also engaged in the selective of Plaintiff, in comparison to others similarly situated.

129. Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

130. Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

131. Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

132. Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

133. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

134. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTEENTH CAUSE OF ACTION**
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

135. The above paragraphs are here incorporated by reference as though fully set forth herein.

136. Plaintiff, as a Hispanic male, is a member of a racial minority and protected class.

137. Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

138. Defendants also selectively treated Plaintiff in comparison to others similarly situated.

139. Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff's exertion of his Constitutional rights, or malicious or bad faith intent to injure Plaintiff.

140. Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

141. Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

142. Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

143. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1981, 1983, 1985 and 1986 Against Individual Defendants

144. The above paragraphs are here incorporated by reference as though fully set forth herein.

145. Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of the equal protection of the laws, or of the privileges and immunities under the laws.

146. Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

147. Plaintiff sustained injuries to his person or was deprived of rights or privileges of citizens of the United States.

148. Defendants' conspiracy was motivated by some racial, or otherwise class-based, invidious discriminatory animus.

149. The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be committed or being committed, possessed the power to prevent or aid, and neglected to do so.

150. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

151. The above paragraphs are here incorporated by reference as though fully set forth herein.

152. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

153. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

154. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SEVENTEENTHCAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

155. The above paragraphs are here incorporated by reference as though fully set forth herein.

156. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

157. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

158. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTEENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

159. The above paragraphs are here incorporated by reference as though fully set forth.

160. Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

161. Defendant City breached those duties of care.

162. Defendant City placed Defendants in a position where they could inflict foreseeable harm.

163.	Defendant City knew or should have known of its employee Defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

164.	Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

165.	As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)	In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b)	Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c)	Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d)	Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

**e)**	Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: January 26, 2021

Respectfully submitted,

_S/ Sameer Nath____
Sameer Nath, Esq.
Bar Number: 5403662
Sim & DePaola, LLP
*Attorneys for Mr. Santiago*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
snath@simdepaola.com